UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Nicholaus Samora

    v.                                    Civil No. 07-cv-79-JM

Angela Poulin, et al.


**O R D E R**

Pro se plaintiff Nicholaus Samora brought this civil rights action, pursuant to 42 U.S.C. § 1983, claiming defendants retaliated against him for exercising his First Amendment rights. Defendants Angela Poulin, Paul Fortier, Dennis Cox and Larry Blaisdell are employees at the New Hampshire State Prison's Northern Correctional Facility ("NCF"); defendant Christopher Kench is a captain in the Office of the Commissioner of the New Hampshire Department of Corrections ("NHDOC"). Before the court is defendants' motion for summary judgment (document no. 43), to which plaintiff has not objected. For the reasons set forth below, defendants' motion is granted.

**Background**

On or around January 12, 2007, plaintiff provided another NCF inmate with an affidavit and attached exhibits that described

conditions and problems at NCF which that inmate wanted to use in a civil rights action against the NCF. That other inmate attempted to obtain copies of the affidavit and exhibits but defendant Poulin, who works in the NCF library, refused to make them, because the exhibits belonged to plaintiff and prison policy proscribed copying "[d]ocuments that involved other inmates." See Defs.' Mot. for Summ. J., Ex. C, NHDOC Policy and Procedure Directive ("PPD") 7.42, IV, B.2. Defendant Poulin confiscated the exhibits and charged plaintiff with violating Inmate Manual Rule 52.B, which prohibits inmates from giving or loaning one another anything of value. See Compl., Ex. 2.

After a disciplinary hearing on February 6, 2007, held before defendant Fortier, plaintiff was found guilty of violating Rule 52.B, because he admitted he gave the documents to the other inmate as part of the affidavit he had provided. See id., Ex. 10. The evidence relied on to make that determination also included a finding that plaintiff had provided the materials without permission from any NCF staff member. See id.[1]

---

[1] By providing the documents without obtaining permission, plaintiff had violated PPD 7.12, III. D, which prohibits an inmate from assisting another inmate with legal work without the warden's approval. See Defs.' Mot. for Summ. J., Ex. B. Although plaintiff had been charged with giving something of value, in violation of Rule 52.B, because what he gave was

2

Plaintiff was sentenced to 10 hours of extra duty time and 10 days loss of canteen privileges, which was suspended for 90 days.

Plaintiff appealed that finding, which was affirmed by defendant Cox, a sergeant major at NCF, on February 7, 2007. Plaintiff next appealed to the NCF warden, defendant Blaisdell, and finally to defendant Kench, both of whom affirmed the conviction because plaintiff had not obtained approval from the warden before providing the affidavit. See Compl., Exs. 6 & 7. In affirming the violation finding, defendant Blaisdell explained "reasonable requests to provide a legitimate affidavit to another inmate will be reviewed and approved if legitimate.  You have never asked, hence not had approval to do this." Compl., Ex. 6. He further explained that the confiscated documents that violated Rule 52.B were the exhibits, not the affidavit. See id., Ex. 7.

Throughout his disciplinary process, plaintiff argued he was retaliated against for exercising his constitutional right to provide truthful testimony.  After exhausting the grievance procedures, plaintiff brought this action, asserting the same claim.

---

evidence for another inmate's legal action, defendants also found plaintiff had violated PPD 7.12, III, D.

**Standard of Review**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A material fact is one "that might affect the outcome of the suit." Id. at 248. In ruling on a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmovant. See Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001). The party moving for summary judgment "bears the initial responsibility of . . . identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the burden shifts to the nonmovant to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a

verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996) (citing Celotex, 477 U.S. at 323; Anderson, 477 U.S. at 249). Neither conclusory allegations, improbable inferences, nor unsupported speculation are sufficient to defeat summary judgment. Carroll v. Xerox Corp., 294 F.3d 231, 236-37 (1st Cir. 2002).

In order to "properly oppose" a motion:

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e). In addition, this Court's local rules provide that:

> All properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party.

United States District Court District of New Hampshire Local Rule ("LR") 7.2(b)(2). Plaintiff has failed to comply with the affidavit requirements in Fed. R. Civ. P. 56 (c) & (e), and the requirement in LR 7.2(b) that he provide "a short and concise statement of material fact in opposition to the motion for

5

summary judgment."

When, as is the case here, the nonmoving party fails to object or otherwise provide any documentation to refute the moving party's properly supported statement of material facts, those facts must be accepted as true.  See LR 7.2(b)(2).  The entry of an unopposed summary judgment motion does not automatically give rise to a grant of summary judgment, however, because the moving party still bears the burden of demonstrating no genuine issue of material fact exists on any claim or defense it is asserting.  See Cordi-Allen v. Halloran, 470 F.3d 25, 28 (1st Cir. 2006) (citing authority); see also Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 25 (1st Cir. 2006) (same); Fed. R. Civ. P. 56 (c) & (e).  The district court must still review the merits of the case in light of the record before it, to determine whether summary judgment is appropriate.  See Aguiar-Carrasquillo, 445 F.3d at 25.

## Discussion

This suit raises a single claim based upon the alleged retaliation plaintiff endured because he exercised his First Amendment right to provide testimony in another inmate's legal action.  Plaintiff contends defendant Poulin retaliated against

him by "willfully and maliciously . . . issuing a false disciplinary report," Compl. ¶ 10, which the remaining defendants "authoriz[ed], condon[ed], and/or tacitly approv[ed]" by affirming defendant Poulin's disciplinary report. See Compl. ¶ 27. Defendants argue on summary judgment (1) that plaintiff has failed to set forth a prima facie claim for retaliation, (2) that they are entitled to qualified immunity even if plaintiff has made his claim, (3) that plaintiff's request for injunctive relief is moot, and (4) that plaintiff's claims for supervisory liability against defendants Cox, Blaisdell and Kench[2] fail. Each argument is addressed below.

    (1)  Prima Facie Retaliation Claim

To show retaliation, plaintiff must demonstrate that he engaged in constitutionally protected conduct, which prompted adverse action by defendants and which action was taken with the intention of deterring him from exercising that constitutional right. See Ferranti v. Moran, 618 F.2d 888, 891-92 (1st Cir. 1980) (finding § 1983 claim where plaintiff alleged interference

---

[2] Plaintiff asserted his supervisory liability claim against defendant Fortier, too; however, in the preliminary review of his complaint, the claims against Fortier were construed to be limited to the retaliation claim and the supervisory liability claims were limited to Cox, Blaisdell and Kench.

with inmate's efforts to access the courts); <u>Oropallo v. Parrish</u>, No. 93-1953, 23 F.3d 394, 1194 WL 168519, at *4 (1st Cir. May 5, 1994) (explaining how conduct done in retaliation for exercising First Amendment rights is actionable under § 1983); <u>Mitchell v. Horn</u>, 318 F.3d 523, 530 (3rd Cir. 2003).  As has been discussed already in my preliminary review of the complaint and in my analysis of plaintiff's request for preliminary injunctive relief, plaintiff's provision of the affidavit and exhibits was protected by the First and Fourteenth Amendment rights to free speech, to petition the government and to access the courts.  <u>See</u> <u>Samora v. Poulin, et al.</u>, no. 07-79-JM, Report and Recommendation dated May 8, 2007 ("R&R"), at 8-12; <u>see</u> <u>also</u> Order dated Aug. 28, 2007 ("Order"), at 16-23.  These prior rulings also discussed the adverse action taken against plaintiff for having exercised his rights.  <u>See</u> <u>id.</u>[3]  The critical issue before me at this juncture is whether the disciplinary action in question was taken to

---

[3] At the preliminary injunction stage of this litigation, plaintiff had sought to prevent continued enforcement of the regulations, which focused the analysis on the regulatory language rather than the resulting adverse action.  Although I previously concluded that the regulations plaintiff was found to have violated were overly broad and constituted an exaggerated response to legitimate penological goals and institutional safety concerns, <u>see</u> Order at 22-23, the record reflects that defendants have amended those regulations in response to that finding.  <u>See</u> Defs.' Mot. for Summ. J., Exs. E, F & G.

retaliate against plaintiff for having exercised his constitutional right to provide testimonial evidence, so as to deter such conduct in the future, or whether defendants in good faith intended to enforce and uphold the prison regulations in effect at the time.

The undisputed facts demonstrate the following.[4] When defendant Poulin was asked to copy plaintiff's affidavit, she scanned the document to ensure it complied with prison regulations. As Poulin understood NHDOC rules, plaintiff was allowed to provide the affidavit, which is why she did not take that, but could not give his personal documents to another inmate, which is why the exhibits were confiscated. She charged plaintiff with violating Rule 52.B, which proscribes the giving or loaning of anything of value to another inmate. Defendant Poulin explained that she was not informed that plaintiff's documents were exhibits to the affidavit, that she does not make that determination on her own, and that she knew it was against prison policy for one inmate to possess property of another, to

---

[4]In addition to the exhibits and affidavit attached to defendants' Motion for Summary Judgment, I consider the testimony given at the hearing on plaintiff's motion for a preliminary injunction, held on June 6, 2007. See Defs. Mot. for Summ. J., Ex. A.

have documents involving another inmate copied, or to assist another inmate with his legal work without approval from the warden.  Based on her testimony, I find that defendant Poulin was, in good faith, trying to enforce prison regulations as she understood them.

The record also demonstrates that both defendants Fortier and Cox found plaintiff guilty of violating the prison regulation against loaning or giving something of value to another inmate, Rule 52.B, because plaintiff admitted he had done that.  Fortier testified that he understood the rule against providing legal assistance without the warden's approval included the sharing of legal work.  Defendant Cox also explained that he believed three of the confiscated documents contained sensitive information that could be used by other inmates to jeopardize plaintiff's security.  Both defendants declined to consider plaintiff's arguments, (I) that the exhibits were properly appended to an affidavit that plaintiff had a constitutional right to give to another inmate for use in that inmate's lawsuit and, therefore, he did not need the warden's approval to do so, and (ii) that this court had previously opined that the proscription against copying any document that involves other inmates, PPD 7.42, IV,

B.2, was overly broad.  Defendants Fortier and Cox focused on the rule violations plaintiff had committed, and refused to alter that finding based on these other factors.  The record clearly shows that plaintiff had violated Rule 52.B and had not obtained permission to provide the legal assistance, which also violated PPD 7.12, III, D.  Because the exhibits involved plaintiff and were being given in violation of PPD 7.12, III, D, copying the documents was against PPD 7.42, IV, B.2.  The undisputed evidence demonstrates that defendants Fortier and Cox based their findings on these violations, not on an intention to punish plaintiff for exercising a constitutional right, as is required to prove retaliation.

Similarly, defendants Blaisdell and Kench affirmed the guilty disciplinary finding because plaintiff had provided the affidavit and exhibits without obtaining the requisite approval, which violated prison rules.  Blaisdell provided testimony that explained the security concerns undergirding the restrictions on loaning or giving property, which can give rise to a barter system within the prison, made problematic by the potential for strong-arming, extortion, or other coercive behavior.  He also explained that the need for the warden's approval before legal

11

assistance can be given is designed to thwart potential security risks and to ensure the documents are being used for a legitimate purpose.  Blaisdell specifically testified that he does not evaluate the content or necessity of an affidavit, but reviews the document only to ascertain that it is what it purports to be. Finally, the evidence showed that some of the confiscated documents contained sensitive information about plaintiff's incarcerating offense and his mental and medical health history that, if known by certain inmates, could create safety concerns for plaintiff.

Plaintiff submitted neither an affidavit nor a refutation of defendants' statement of material facts.  As a consequence, the facts as stated by these defendants are deemed admitted.  See LR 7.2(b)(2); see also Fed. R. Civ. P. 56(c).  Plaintiff has not made a prima facie claim of retaliation, and defendants are entitled to summary judgment on the single claim asserted here.

(2)  Remaining Defenses

The remaining defenses need only be summarily addressed, since plaintiff has failed to make a prima facie showing of retaliation based on the undisputed record.  First, there is no evidence that the right to provide testimonial evidence in

another inmate's legal proceedings was so clearly established when the events unfolded here that a reasonable prison official in defendants' shoes should have known that plaintiff could do so without complying with prison rules and regulations that controlled the exchange of property or other things of value.  To the contrary, plaintiff's right may be reasonably restricted to advance the legitimate penological goals of the NHDOC.  Even if plaintiff had made a prima facie case here, defendants would be entitled to the defense of qualified immunity.  See Whitfield v. Melendez-Rivera, 431 F.3d 1, 6-7 (1st Cir. 2007) (stating test for qualified immunity defense).  Second, based on the facts that demonstrated defendants did not intend to violate plaintiff's constitutional rights when they enforced the prison rules and regulations implicated here, there is also no evidence that defendants Cox, Blaisdell or Kench intentionally or maliciously disregarded plaintiff's constitutional rights when they upheld the prison regulations plaintiff was found to have violated, or that they otherwise abused their position of authority in deliberate indifference to plaintiff's constitutional rights, to support a finding of supervisory liability.  See id. at 14 (describing contours of supervisory liability under § 1983).

Third, any claim for injunctive relief is moot, because plaintiff is no longer incarcerated and the challenged regulations have been amended. The record readily demonstrates that all claims against defendants fail.

## Conclusion

The motion for summary judgment (Document no. 43) is granted. The clerk is ordered to enter judgment accordingly and to close the case.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge


Date:   July 15, 2008

cc:    Nicholaus Samora, pro se
       Deborah B. Weissbard, Esq.

14